Judge Marshall
delivered the Opinion of the Court.
This action of ejectment was brought by J. B. Moore, to recover a small strip of land in the possession of John’ Wilcox. Moore exhibited a patent from the Commonwealth, granting four hundred acres of land to John H. Phelps, from whom he showed a regular derivation o^ title, by deeds to himself; and introduced evidence conducing to prove, that the land in contest was embraced within the boundaries of said four hundred acre patent; but’tlie proof- on this subject is contradictory.
The defendant also exhibited a patent to himself, for one hundred acres, older than that under which the plaintiff claimed; and made some attempt to prpve, that the land in contest was included within it.
He also produced, in pursuance of notice duly filed, *533 the record of a former action of ejectment by the plaintiff against him, in which a verdict and judgment,had been rendered against the plaintiff, and adduced some evidence tending to show, that the former suit was for the same land as the present. It appears, however, that the defendant had had two acres of land enclosed within the boundaries claimed by the plaintiff for more than twenty years before the commencement of the former suit, and that after the commencement of that suit, he had so extended his enclosure as to include about four acres more within the boundary of the plaintiff’s patent as claimed by him; and for-these four acres, the present suit seems to have been brought.
A principal question made in the case, was whether, under the thirteenth section of the act of 1825, 1 Stat. Law. 586, the former verdict and judgment constituted a bar to the present suit. With a view to that question, £nd in order to relieve this case from the bar, the plaintiff moved among others the following instructions;
First—that if the jury believe from the evidence, that the plaintiff, or those under whom he claimed, had the possession of his four hundred acre survey before the defendant settled upon his survey, the former verdict and judgment did not bar a recovery in this suit. And, (fifth,) that if the defendant, since the former trial, has enclosed more of the land claimed by the plaintiff, such enclosure is a new trespass, for which the plaintiff would have aright to sue, unless the jury should believe, that ihe calls of the defendant’s patent interfered with those of the plaintiff’s. Each of these instructions was overruled by the Court.
The statute above referred to does not make the former verdict &c. a bar in cases where the plaintiff, or (as we think is fairly to be understood,) those under whom he claims, had the actual occupancy and possession of the land in contest before the commencement of the suit. And the first of the foregoing instructions, if applicable at all, may be presumed to have been intended to show to the jury, that this case was exempt from the bar, if there had been such previous possession. But passing by other objections to the instruction, it is oh- *534 vious, that the previous possession of the plaintiff’s survey would not imply a possession of the land in contest, unless it was included in the plaintiff’s survey, and whether ^ was so ’n<duded or nott was one ^ie d>sPuted questions of fact in the case. As the Court, therefore, could not say that the prior possession of the survey prevented the operation of the bar, without assuming that the survey included the land in dispute, which it had no right to assume, it very properly refused to give the instructions as asked for. It does not include all the facts necessary to support the conclusion of law which it asserts.
Query—whether kfence sigiied by the judge; but o^fonnal^rder that it shall be .enrolled, is part of the record: fiwiified%y°the fótfrtf jt 'may asthis court incline to think*
*534 The other instruction above stated, is liable to a similar objection. For even if the two patents do not interfere, the extension of the defendant’s enclosure after the first suit, was no trespass upon the plaintiff, and did not give him any ground of suit unless he had been in possession of the land thus freshly enclosed, or at least, unless his patent included it. And neither of these facts is submitted to the jury by the proposed instruction, or could properly be assumed by the Court. Besides, although the two patents should not interfere, the land in contest might be included in that of the defendant, and therefore gave him the right to enter and enclose the land, without subjecting himself to an action of ejectment by the plaintiff
We are of opinion, therefore, that the Court did not err in refusing to give these instructions; and as the evidence in regard to the boundary of the plaintiff’s patent and to the question whether it includes the land in contest, is contradictory and uncertain, we cannot say that the verdict for the defendant was against the evidence, or that the Court erred in not setting it aside and granting a new trial on that ground.
It has been made a question in this Court, whether the statement of the evidence contained in the transcript of the record before us, can properly be considered as a part of the record, because although signed by the Judge, it is not sealed, and does not appear to have been for- , , . ,, , , - , many ordered to be enrolled or made a part ot the record’ But as it purports to be certified by the Court, we are inclined to the opinion, that it should be presumed to *535 have been a part of the record, though there be no explicit order to make it so.
But as we should be bound to presume, in case the evidence was not before us, that the opinions of the Cir'cuitCourt were such as the evidence authorized, andas we have come to the same conclusion considering the evidence as a part.,of the record, we have not deemed it necessary to decide, and do not decide, whether it is to be taken as a part of the record or not.
As in either view of this question, we perceive no error in the record to the prejudice of the plaintiff, the judgment is affirmed.